Town of Belmont vs. Charles E. Trenholm.

Same vs. Harriet M. Trenholm.

Middlesex.    October 6, 1938. — January 31, 1939.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

Bond, Construction, To guarantee revenue from water main. Contract,
    Construction. Words, "Services connected with said water main."

Under the provisions of a bond, given to a town by an applicant for an
    extension of a water main into a certain street and requiring payment
    to the town at the end of each "billing period" of the amount by
    which the revenue derived by the town "from services connected
    with said water main" should fall short of a fixed percentage of the
    original cost of the work, the amount of the payments to be made
    was not affected by the fact that, later, the town received increased
    revenue due to further extension of the main.

Two actions of contract.   Writs in the Second District
Court of Eastern Middlesex dated August 11, 1933.

On removal to the Superior Court, Beaudreau, J., ordered
judgments for the plaintiff upon the report of an auditor
whose findings of fact were to be final.   The defendants
alleged exceptions.

H. F. R. Dolan, for the defendants.

F. H. Harding, for the plaintiff.

Qua, J.   These are act ons brought respectively against
the principal and the surety on a bond which the plaintiff's
water commissioners had required to be given before ex-
tending a water main from Prospect Street into Marsh
Street upon the application of the defendant Charles E.
Trenholm.   Trenholm was a "real estate developer."
An auditor, whose findings of fact were to be final, has
reported in favor of the plaintiff.

The case turns upon the construction of that part of the
condition of the bond which, for ten years, requires the
defendants to pay to the plaintiff at the end of each "billing
period" the amount by which the revenue derived by the

town "from services connected with said water main" shall fall short of a fixed percentage of the original cost of the work. . The defendants contend that at different times after the completion of the extension applied for by Trenholm the town still further extended the pipe in Marsh Street until it connected with another main in Winter . Street, and that in calculating under the terms of the bond the revenue derived "from services connected with said water main" there must be included the revenue derived from water taken in Winter Street and in other streets to which water flowing through the first extension ultimately comes. It is conceded that under this construction of the bond nothing would be due to the plaintiff.

This is not the true construction. The auditor found that the word "services" as used by men engaged in water works installation and management means "customers pipes from the main to the consumer." The obvious purpose of the bond was to secure the town against loss upon its investment in the first extension until a reasonable return should come in from water users on that section of pipe. The words "from services connected with said water main" refer only to "services" connected directly with the first extension. That extension was from the beginning connected with the town's system in Prospect Street, so that if revenue derived from users on connecting lines beyond Marsh Street were to be considered the bond probably would have failed of its purpose from the outset. The construction of the bond cannot be affected by a second connection in Winter Street. There is nothing in the bond to suggest that "services" anywhere to which any water from the original extension might flow are to be counted among the "services connected with" that extension.

We need not consider whether there was error in striking out portions of the auditor's report, as the construction of the bond and the result of the case would necessarily have been the same, if those portions had remained. In each case the entry will be

*Exceptions overruled.*